UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. MJ 16-449 |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| GARRETT RISER, | ) | |
| Defendant. | ) | |

Offense Charged: Failure to Surrender, as directed, to serve a sentence. 18 USC ¶3146(a)(2).

Procedural History and Status

This court revoked defendant's supervised release in a prior case, CR 10-299 JCC, and sentenced defendant to a term of imprisonment followed by an additional term of supervised release. The court permitted defendant to remain at large, until ordered to surrender to serve that sentence. Defendant allegedly did not surrender as directed, forming the basis for the separate criminal offense charged in this case. He was later arrested, remanded to custody, and has now served his sentence in that prior case.

Date of Detention Hearing: October 28, 2016.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth,

DETENTION ORDER
PAGE -1

finds that no condition or combination of conditions which defendant can meet will reasonably assure that defendant will appear for future hearings, as directed.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) The allegations contained in the Complaint support the following conclusions. Defendant gave repeated assurances to the U.S. Probation Office, and to the U.S. Marshal, that he would report to serve his sentence as directed. But when the time came, he decided not to do so, offering various excuses. These included the alleged needs of his family.

(2) His significant criminal record also includes some past instances of failures by defendant to appear in court, as directed.

(3) This behavior is consistent with a pattern he has demonstrated in prior proceedings in this court. Defendant evidently feels free to decide for himself that he is not required to comply with court-ordered supervision or with the court's orders. This history establishes, by a preponderance of the evidence, that the court cannot set conditions of release for him which would reasonably assure he would make his future court appearances. Defendant argues for the implementation of location monitoring devices. But this is not sufficient to reasonably assure appearances by a defendant who has demonstrated he will do so only when it suits his convenience.

(4) There is significant evidence defendant continues his use of methamphetamines and perhaps other controlled substances. He also failed to report as directed for drug testing on 17 occasions from January 2016 through March of 2016. He has also failed to complete drug treatment programs as directed on several occasions. These factors

are further evidence that he would not be amenable to pretrial supervision, and is not reliable to make his court appearances as required.

(5) While the United States has met its burden on the issue of risk of non-appearance, it has not met its burden of showing, by clear and convincing evidence, that defendant would pose a danger to other persons and the community if released on conditions.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding;

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED this 28th day of October, 2016.

s/ John L. Weinberg
United States Magistrate Judge

DETENTION ORDER
PAGE -3